UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC RECORDING CORP., et al.,         No. 05 Civ. 9111 (LTS)(DFE)

                        Plaintiffs,
     -against-

DOES 1 - 25,
                        Defendants.



ORDER

        The Court has received Defendant John Doe No. 8's motion, filed on December 1, 2005, seeking to sever and dismiss the case as to all Defendants except Doe No. 1 and to quash a subpoena directed to Mediacom Communications Corp. concerning Internet Protocol address 12.218.60.79 on the grounds that the complaint is insufficiently plead and fails to state a claim.  The Court is also in receipt of Plaintiffs' Opposition filed on December 7, 2005, and Defendant's Reply, filed on December 20, 2005.  The Court has thoroughly reviewed the parties' written submissions and denies Defendant's motion in its entirety.

        As to the severance aspect of the motion pursuant to Federal Rules of Civil Procedure 20 and 21, it is impossible to tell at this state to what extent the factual and legal issues relating to the transactions and alleged infringement will overlap, how many parties will be actively involved in the ligation, or to what extent defenses will raise legally and factually distinct issues.  Pursuant to the Court's broad discretion to manage severance/joinder issues, the Court denies the severance aspect of the motion without prejudice to renewal after service upon Defendants and Responses to the complaint.

        The Defendant also moves to dismiss the complaint and to quash the subpoena, principally on the grounds that the complaint is insufficiently plead and that the complaint fails to

state a claim. Pursuant to Federal Rule of Civil Procedure 8(a), a complaint is sufficiently plead if it contains a "short and plain statement" that sets for the claim for relief. Fed. R. Civ. P. 8(a) (West 2005); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). In the context of copyright infringement, Rule 8(a) is satisfied if the plaintiff asserts "(i) which specific original work is the subject of the copyright claim, (ii) that plaintiff owns the copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright." Sharp v. Patterson, 03 Civ. 8772 (GEL), 2004 WL 2480426 at *12 n.19 (S.D.N.Y. Nov. 3, 2004).

Here, Plaintiffs have sufficiently plead a copyright claim. They have alleged which song titles are the subject of the claim, that they own the copyrights pursuant to valid registrations, and that Defendants have and continue to "download, distribute to the public, and/or make available for distribution to others" their copyrighted titles. (See complaint ¶¶ 20-27 and attached Exhibits.) While Plaintiffs have also alleged potential dates of infringement, an assertion of continuous and ongoing infringement satisfies the pleading requirements for trademark claims. Franklin Electronic Publishers, Inc. v. Unisonic Products Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991). Federal Rule of Civil Procedure 8(a) also permits pleading in the alternative. Fed. R. Civ. P. 8(a) (West 2005). The complaint, therefore, does not fail to state a claim because Plaintiffs allege downloading and distribution as well as making copyrighted material available for distribution. (See complaint at ¶ 23.) Accordingly, Defendant's motion is denied in its entirety.

IT IS SO ORDERED.

Dated: New York, New York
January 3, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge